UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVIN FREEMAN, on his own
behalf and others similarly situated,

      Plaintiff,

v.                                                                  Case No.  8:05-cv-1034-T-24 EAJ

BILL LIPPOLD CONSTRUCTION LLC,
a Florida Limited Liability Corporation, and
WILLIAM J. LIPPOLD, individually,

      Defendant.
_____/

## ORDER

    This cause comes before the Court on Plaintiff's Motion for Clerk's Default.  (Doc. No. 5).  In this motion, Plaintiff requests that the Clerk enter default against Defendant Bill Lippold Construction LLC and William Lippold.  In support of his request, Plaintiff submits two Affidavits of Service (Doc. No. 5, Ex. A, B).

    In the first Affidavit of Service regarding service of William Lippold, individually, the process server states that she attempted to serve William Lippold at the address given to her, which is an address for Mailboxes Etc.  The process server states that she left the summons and complaint with "Adelaide Lee as a professional courtesy, who stated that they [sic] were authorized to accept service for" William Lippold in his absence.  Plaintiff has not shown that this is an acceptable method to serve an individual.  Plaintiff must cite a rule of procedure or case law that provides that he is permitted to make substituted service on an individual by serving an apparently unrelated individual at a Mailboxes Etc.

    In the second Affidavit of Service regarding service of Bill Lippold Construction LLC

via serving its registered agent, William Lippold, the process server states that she attempted to serve William Lippold at the address given to her, which is an address for Mailboxes Etc. Again, the process server states that she left the summons and complaint with "Adelaide Lee as a professional courtesy, who stated that they [sic] were authorized to accept service for" William Lippold in his absence.  Plaintiff has not shown that this is an acceptable method to serve a registered agent.  Plaintiff must cite a rule of procedure or case law that provides that he is permitted to make substituted service on registered agent by serving someone else at a Mailboxes Etc.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff is directed to file a memorandum in support of his Motion for Clerk's Default by August 1, 2005 that cites authority to show that his service of Defendants was proper.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of July, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record