UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVIN FREEMAN, on his own
behalf and others similarly situated,

      Plaintiff,

v.                                          Case No.  8:05-cv-1034-T-24 EAJ

BILL LIPPOLD CONSTRUCTION LLC,
a Florida Limited Liability Corporation, and
WILLIAM J. LIPPOLD, individually,

      Defendant.
_____/

## **ORDER**

      This cause comes before the Court on Plaintiff's Motion for Clerk's Default. (Doc. No. 5). The Court requested that Plaintiff brief the issue of whether service was proper (Doc. No. 8), and Plaintiff filed a response thereto (Oc. No. 9).

      In this motion, Plaintiff requests that the Clerk enter default against Defendant Bill Lippold Construction LLC and William Lippold. In support of his request, Plaintiff submits two Affidavits of Service (Doc. No. 5, Ex. A, B).

      In the first Affidavit of Service regarding service of William Lippold, individually, the process server states that she attempted to serve William Lippold at the address given to her, which is an address for Mailboxes Etc. The process server states that she left the summons and complaint with "Adelaide Lee as a professional courtesy, who stated that they [sic] were authorized to accept service for" William Lippold in his absence.

      In the second Affidavit of Service regarding service of Bill Lippold Construction LLC via serving its registered agent, William Lippold, the process server states that she attempted to

serve William Lippold at the address given to her, which is an address for Mailboxes Etc. Again, the process server states that she left the summons and complaint with "Adelaide Lee as a professional courtesy, who stated that they [sic] were authorized to accept service for" William Lippold in his absence.

The Court directed Plaintiff to show that this was an acceptable method to serve William Lippold, individually, and William Lippold, as registered agent for Bill Lippold Construction LLC. Plaintiff responds that Federal Rule of Civil Procedure 4(e)(2) allows service "by delivering a copy of the summons and of the complaint to an agent authorized by appointment . . . to receive service of process." Plaintiff contends that Adelaide Lee is an agent authorized by appointment based on her statement to the process server that she was authorized to accept service. The Court, however, is cautious about finding that Adelaide Lee is an agent authorized by appointment given that she is an apparently unrelated individual at a Mailboxes Etc. and the only evidence of her authority to accept service is her statement to the process server.

Plaintiff anticipated that the Court may prefer that Plaintiff re-serve Defendants, and Plaintiff does not oppose doing so. As such, Plaintiff is directed to re-serve Defendants by October 3, 2005.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Clerk's Default (Doc. No. 5) is **DENIED**, and Plaintiff is directed to re-serve Defendants by October 3, 2005.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of August, 2005.

                                                SUSAN C. BUCKLEW
                                                United States District Judge

Copies to:
Counsel of Record